**In the Matter of Lawrence M. LUNN**

**No. 49S00–9810–DI–561.**

Supreme Court of Indiana.

Sept. 20, 2004.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulat-

ing a proposed discipline and agreed facts as summarized below:

**Facts:** Count I. The respondent and the Commission agree that the respondent unreasonably delayed submitting a servicemark patent application to the U.S. Patent Office on behalf of a client. The client had submitted most of the requisite materials needed for the application to the respondent in mid-February 1996, but the respondent did not get around to submitting accurate and complete materials until after May 1, 1997. During the intervening time, the respondent had to obtain some additional materials from the client to complete the application.

Count II. The respondent and the Commission agree that the respondent billed clients for work performed on their case after they had terminated his services and hired another attorney.

Count III. The respondent and the Commission agree that the respondent billed clients for an amount more than the $500 they had agreed to for representation, prompting the clients to fire the respondent. The respondent thereafter billed the clients for further costs incurred after his discharge.

In mitigation, the parties agree that the respondent's attention was diverted during the time in question due to the death of his daughter.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.3, which requires lawyers, while representing clients, to act with reasonable diligence and promptness; and Prof.Cond.R. Prof. Cond.R. 1.5(a), which precludes a lawyer from charging an unreasonable fee.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. Judith Hawley Conley, and to all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.

ENTERED: Sept. 20, 2004.

/s/ Randall T. Shepard
  Chief Justice of Indiana